# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 18-cv-00459-RM

BANKERS LIFE AND CASUALTY COMPANY,

    Plaintiff,

v.

ROBERT LAYCOCK,
MATTHEW ("MAX") HALL,
JESSIE JANSEN,
OLGA ASCIONE,
KRISTEN RENNERFELDT,
JETTA LESTER-GARCIA, and
REX YOUNG,

    Defendants.

---

## TEMPORARY RESTRAINING ORDER
---

This matter is before the Court on Plaintiff Bankers Life and Casualty Company's Motion for Temporary Restraining Order, with supporting documentation (collectively, the "Motion") (ECF No. 7), seeking an *ex parte* restraining order against Defendants, all of whom are Plaintiff's former employees or agents (*i.e.*, independent contractors). After being fully advised, the Motion is **GRANTED in part** and **DENIED in part** as stated herein, for the reasons stated herein.

### I.    BACKGROUND

The following is gleaned from the Verified Complaint and Motion. Plaintiff allegedly provides seniors with various insurance and financial products, such as long-term care insurance, life annuities, and Medicare Supplement Insurance. Plaintiff uses both employees and agents

(collectively, "employees") to provide its products to customers/policyholders. Plaintiff's Complaint, and request for temporary injunctive relief, are against seven former employees.

Plaintiff asserts Defendants Laycock, Hall, Jansen, Ascione, Rennerfeldt, and Lester-Garcia (collectively, "Laycock Defendants") recently (between October 3, 2017 and January 9, 2018) terminated their employment relationship[1] with Plaintiff to work for a competitor. But, before they did so, the Laycock Defendants allegedly copied and/or removed policyholder information which contains confidential information and trade secrets belonging to Plaintiff. In addition, after they terminated their employment, Defendants Jansen and Ascione allegedly represented that they were still agents for Plaintiff when they were not. This is also the case as to Defendant Rex Young. Although Defendant Young's employment relationship with Plaintiff terminated in May 2013, he allegedly recently[2] represented he was still Plaintiff's agent to one of Plaintiff's customers.

Based on Defendants' alleged conduct, Plaintiff asserts the following claims for relief:

(1) Breach of Contract – First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief against Defendants Laycock, Hall, Jansen, Ascione, Rennerfeldt, and Lester-Garcia, respectively;

(2) Misappropriation of Trade Secrets under the Defend Trade Secrets Act of 2016 ("DTSA") – Seventh Claim for Relief against Laycock Defendants;

(3) Misappropriation of Trade Secrets under the Colorado Uniform Trade Secrets Act ("CUTSA") – Eighth Claim for Relief against Laycock Defendants;

(4) Conversion – Ninth Claim for Relief against Defendants Hall and Jansen; and

---

[1] Although some Defendants were agents and, thus, had agency relationships, such distinctions are immaterial for purposes of the Motion and this Order; therefore, the Court will refer to both relationships as "employment relationships."

[2] An exact date has not been provided, but it was apparently after November 30, 2017. (Verified Complaint, ¶¶40, 44, 55, 57.)

(5) Violation of Colorado Consumer Protection Act ("CCPA") – Tenth Claim for Relief against Defendants Jansen, Ascione, and Young.

Plaintiff's Complaint asserts various forms of relief is warranted, including the issuance of a temporary restraining order; preliminary injunctive relief; permanent injunctive relief (against Defendant Young only); the return of all information taken/copied; the identification of all persons to whom such information was shared; the submission of electronic devices for forensic inspection; and the award of attorney's fees (except as to Defendant Young).

## II.　LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 65(b)(1), "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In addition, Local Rule 65.1 also requires a certificate of counsel or an unrepresented party which addresses providing notice, and the provision of copies of filings, to opposing counsel and any unrepresented adverse party. D.C.COLO.LCivR 65.1.

Case law also sets forth certain requirements which must be met before injunctive relief may be had. Specifically, in order to obtain relief, the plaintiff must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)); *Watts v. Karmichael*

*Family, LLC*, No. 07-cv-00638-MSK-MJW, 2007 WL 1059051, at *1 (D. Colo. Apr. 4, 2007) (unpublished) (motion for temporary restraining order is examined under same standards applicable to requests for preliminary injunction). The Tenth Circuit no longer applies a "modified test"[3] for determining temporary or preliminary injunctive relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282 (deciding preliminary injunction). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens*, 839 F.3d at 1281 (citation and quotation marks omitted).[4]

In addition, as to the evidence which the courts consider on a motion for injunctive relief, the Tenth Circuit has stated:

> We [the Tenth Circuit] must be mindful…, as the Supreme Court has cautioned, that "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). A hearing for preliminary injunction is generally a restricted proceeding, often conducted under pressured time constraints, on limited evidence and expedited briefing schedules. The Federal Rules of Evidence do not apply to preliminary injunction hearings.

*Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

---

[3] Under the "modified test," when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement "'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111).

[4] Even if any of Plaintiff's request falls within the three types of disfavored injunctions, and requires a heightened showing, the Court finds such showing has been made in this case as to Laycock Defendants. *See New Mexico Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 n.15 (10th Cir. 2017).

## III. ANALYSIS

### A. Requirements of Rule 65(b)(1)(B) and Local Rule 65.1

As stated, Plaintiff's Complaint is verified and its Motion is supported by affidavits and other materials. In addition, Plaintiff submitted a proposed order, and certified that service, or attempted service, of the Complaint and Motion has been made on Defendants. Thus, Plaintiff has shown the requirements of Rule 65(b)(1)(B) and the Local Rule 65.1 have been met. The issue then is whether Plaintiff has shown the four requirements for temporary injunctive relief have been met.

### B. Injunctive Relief – the Return of Documents and Information

#### *1. Substantial Likelihood of Success on the Merits*

Plaintiff asserts it will likely succeed on the merits of all of its claims as against Laycock Defendants. However, for the purposes of the Motion, the Court need only decide whether Plaintiff has shown a substantial likelihood of success on the merits on one of its claims against each such Defendant which affords Plaintiff the relief it currently seeks. *See Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 695 (D. Minn. 2012); *Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.*, 2017 WL 4863208, at *2 n.1 (W.D. Pa. Oct. 26, 2017). Thus, the Court examines this requirement as to Plaintiff's first six claims based on breach of contract, *i.e.*, the alleged breach by Laycock Defendants of their respective Bankers Life and Casualty Company Agent Agreements (ECF Nos. 1-7 through 1-12, Exhibits 7-12).[5]

In order to establish a claim for breach of contract, Plaintiff must show: (1) the existence of a contract; (2) its performance or justification for nonperformance; (3) defendant's failure to

---

[5]The Laycock Defendants also entered into Arbitration Agreements identical in all material respects. (ECF Nos. 1-1 through 1-6.) On this record, Plaintiff has sufficiently shown that, notwithstanding the agreement to arbitrate, pursuant to paragraph 7 of each agreement, either party thereto "may file in a court of competent jurisdiction a claim for temporary, preliminary or emergency injunctive relief solely to preserve the status quo prior to and/or in aid of arbitration." (*E.g.*, ECF No. 1-1, page 6, ¶7.1.) This claim for injunctive relief "shall be filed" in state or federal district court where the agent last worked if the parties' relationship has terminated. (*E.g.*, ECF No. 1-1, ¶7.2.)

perform; and (4) resulting damages to plaintiff. *Saturn Systems, Inc. v. Militare*, 252 P.3d 516, 529 (Colo. App. 2011) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). In this case, Plaintiff has made the requisite showing. The current record shows Laycock Defendants are each parties to an Agent Agreement, with terms that survive its termination. Such terms include Laycock Defendants' obligation "to return all such information[6] (including copies) to the Company [Plaintiff] immediately upon termination of this Agreement, regardless of the format of such information." (ECF Nos. 1-7 through 1-12, page 11, ¶24.) Plaintiff has presented sufficient evidence to support a substantial likelihood of success on the allegations that Laycock Defendants took such information without returning it. Finally, Plaintiff's showing is also sufficient as to their alleged damages, *e.g.*, the removal of Plaintiff's confidential information concerning its customers/policyholders, which information includes such matters as customers' personal identifiable information or "PII."

### 2. Irreparable Harm

A plaintiff seeking injunctive relief "'must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages.'" *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1250 (10th Cir. 2017) (quoting *Fish v. Kobach*, 840 F.3d 710, 751–52 (10th Cir. 2016)). "[S]imple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heideman*, 348 F.3d at 1189. Moreover, the "harm must be both certain and great, and not merely serious or substantial." *New Mexico Dep't of Game &*

---

[6] "Such information" is Plaintiff's "Confidential Information," which is broadly defined to "include[], without limitation, information relating to research, developments, methods, processes, procedures, improvements, 'Know-how', compilations, market research, marketing techniques and plans, business plans and strategies, PII [Personal Identifiable Information], and all other information related to prospects, applicants and past and present insurance customers, price lists, pricing policies and financial information or other business or technical information and materials, in oral, demonstrative, written, graphic or machine-readable form, which is unpublished, not available to the general public or trade, and which is maintained as confidential and proprietary information by the Company for regulatory, customer relations, or competitive reasons." (ECF Nos. 1-7 through 1-12, page 11, ¶24.)

*Fish*, 854 F.3d at 1250 (quotations marks and citation omitted). Here, the Court finds irreparable harm has been sufficiently shown. Based on the information which Plaintiff asserts Laycock Defendants removed, such information includes not only Plaintiff's confidential customer lists but also Plaintiff's customers' PII which such customers expect to be kept confidential and protected from disclosure to third parties.

### 3. *Balance of Harms and Public Interest*

The Court finds that the balance of hardships weighs in Plaintiff's favor. The temporary injunctive relief provided requires Laycock Defendants to return what is not theirs, and to comply with what they are contractually obligated to do under their respective Agent Agreements. On this record, any hardship to Laycock Defendants to return and cease using such information would not outweigh the harm to Plaintiff if Laycock Defendants were allowed to continue to retain and/or use such information. For these same reasons, the Court finds that temporary injunctive relief will not be contrary to the public interest.

### C. Injunctive Relief – False Statements to Plaintiff's Policyholders

The Tenth Claim is against Defendants Jansen, Ascione, and Young (collectively, "CCPA Defendants"). As it is the only claim alleged against Defendant Young, Plaintiff must establish a likelihood of success on this claim as well in order to obtain relief as to him.

### 1. *No Substantial Likelihood of Success on the Merits*

To establish a deceptive-trade-practices claim under the CCPA, a plaintiff must show:

(1) that the defendant engaged in an unfair or deceptive trade practice;
(2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
(3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
(4) that the plaintiff suffered injury in fact to a legally protected interest; and
(5) that the challenged practice caused the plaintiff's injury.

7

*R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1149 (10th Cir. 2009) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003)). To determine whether a challenged practice significantly impacts the public, the Colorado courts consider, among other things, "'the number of consumers directly affected by the challenged practice.'" *R.W. Beck, Inc.*, 577 F.3d at 1149 (quoting *Rhino Linings USA, Inc.*, 62 P.3d at 149). Here, Plaintiff alleges only three consumers have been impacted, *see* Complaint, ¶¶44, 48, 56-7, but has not shown that this is sufficient under the CCPA. Further, Plaintiff relies on allegations of consumers cancelling their policies to establish injury and causation. However, with one exception,[7] such allegations are made in conjunction with assertions of Laycock Defendants (which does not include Defendant Young) using policyholder information to persuade policyholders to cancel policies, rather than with assertions of CCPA Defendants making false representations of association with Plaintiff. (*Cf.* Complaint, ¶¶ 39, 43, 47, 51, 54 *with* ¶¶44, 48, 56-7.) Accordingly, Plaintiff fails to establish a substantial likelihood of success as to its CCPA claim.[8]

### 2. *Other Requirements for Injunctive Relief*

In light of the Court's finding that Plaintiff fails to establish a likelihood of success, it need not address the remaining three prerequisites for temporary injunctive relief under the CCPA claim. *See Diné Citizens*, 839 F.3d at 1285.

### D. Relief Requested

Plaintiff requests several forms of relief. First, Plaintiff requests attorney's fees from Laycock Defendants in connection with the Motion, relying on three sources: (a) the Agent

---

[7] The one exception is with respect to Defendant Ascione. (Complaint, ¶48.)
[8] Even though Plaintiff fails to establish this claim, it does not impact relief as against Laycock Defendants in light of the Court's findings in favor of Plaintiff as to the First through Sixth Claims for Relief as to these particular Defendants.

Agreements; (b) the CTSA; and (b) the DTSA. On this record, the Court finds Plaintiff has not shown any of such sources affords the requested relief, even if the Court decided whether Plaintiff has established a substantial likelihood of success on the merits of the CUTSA and/or the DTSA claims. *See* ECF No. 1-7, Agent Agreement, ¶28 (providing indemnification for claims brought by third-parties, and for "connected expenses" as a result of Agent's performance in connection "with work performed pursuant to this Agreement"); Colo. Rev. Stat. § 7-74-105 (court has discretion to award fees to prevailing party where "a motion to terminate an injunction is made or resisted in bad faith"); 18 U.S.C. § 1836(b)(3)(D) (court has discretion to award fees to prevailing party where "a motion to terminate an injunction is made or opposed in bad faith").

Next, Plaintiff requests from each Laycock Defendant: (a) the return of all copies of policyholder information, and any documents and summaries containing such information; (b) a signed declaration identifying all third parties with whom he/she has shared such policyholder information; and (c) to temporarily cease and desist from using any such information. On this record, the Court finds such relief is warranted and within the scope of the breach of contract claims.

Third, Plaintiff requests from Laycock Defendants the submission of all electronic devices he/she has used since April 1, 2017, for a computer forensic inspection to confirm deletion of all information. At this juncture, the Court finds such request is more properly addressed within the scope of expedited discovery to be had.

Finally, Plaintiff requests that Defendants Jansen, Ascione, and Young[9] each be ordered to cease and desist from stating or suggesting to policyholders or prospective policyholders that

---

[9] The proposed Order also includes Defendant Lester-Garcia but there are no allegations she made such representations, and the CCPA Claim is not directed against her. (Complaint, ¶¶52-54.)

he/she represents Plaintiff. As stated, Plaintiff has not shown a substantial likelihood of success on the merits of the CCPA claim. Accordingly, such relief may not be had.

IV. CONCLUSION

Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is **GRANTED in Part** in that Defendants Robert Laycock, Matthew Hall, Jessie Jansen, Olga Ascione, Kristen Rennerfeldt, and Jetta Lester-Garcia are temporarily restrained as follows:

(1) Defendants Laycock, Hall, Jansen, Ascione, Rennerfeldt, and Lester-Garcia shall return all copies of policyholder information each Defendant removed or copied from Plaintiff Bankers Life, and any documents or summaries containing such information, within three business days of the effective date of this Order;

(2) Defendants Laycock, Hall, Jansen, Ascione, Rennerfeldt, and Lester-Garcia shall submit individual, signed declarations, identifying all third parties with whom the Defendant shared copies of policyholder information each Defendant removed or copied from Bankers Life, and any documents or summaries containing such information, within three business days of the effective date of this Order;

(3) Defendants Laycock, Hall, Jansen, Ascione, Rennerfeldt, and Lester-Garcia shall cease and desist from using copies of policyholder information each Defendant removed or copied from Bankers Life, and any documents or summaries containing such information, from the effective date of this Order; and

(4) Defendants Hall and Jansen are ordered to return all physical files they removed from Bankers Life, along with copies of the same, within three business days of the effective date of this Order; and it is

**FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is **DENIED in Part** in that the Motion is **DENIED** as to Defendant Rex Young; and it is

**FURTHER ORDERED** that this Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond in the amount of **$30,000.00 no later than 4:30 p.m. on Tuesday, February 27, 2018,** to secure the payment of such costs and damages as may be sustained by any party who is found to be wrongfully restrained hereby. **This Order shall only become effective upon the posting of such bond**; and it is

**FURTHER ORDERED** that Plaintiff immediately serve a copy of this Order on Defendants by overnight mail to their last known address and by hand delivery simultaneously, and shall file a certificate of service with the court within two (2) business days of such service; and it is

**FURTHER ORDERED** that the parties (except Defendant Young) are ordered to confer on an expedited discovery schedule to be presented to the Court within seven (7) days of the effective date of this Order; and it is

**FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(b)(4), any Defendant restrained may apply to this Court to dissolve or modify this Order on two (2) days' notice, or such shorter notice as this Court may allow, but no such application shall serve to suspend this Order once effective or stay its terms unless otherwise ordered by this Court; and it is

**FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect for fourteen (14) days from its effective date, unless it is otherwise modified by the Court;[10] and it is

---

[10] The parties are advised that the Court has a criminal trial beginning the week of March 12, 2018. Therefore, if Plaintiff seeks to extend this Order or if the adverse parties consent to an extension of this Order, they shall notify the Court as soon as possible but no later than 12:00 p.m. (noon) on Thursday, March 8, 2018.

**FURTHER ORDERED** that this case is set for a preliminary injunction hearing on **Tuesday, March 13, 2018, at 8:00 a.m.** in Courtroom A601 at the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado.

DATED this 26th day of February, 2018 at 4:50 p.m.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge